IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ATOLL TOPUI ISLAND, INC..,<br><br>Defendant.<br>_____/ | No. CV-08-3905 PJH (EDL)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR CIVIL CONTEMPT** |

On March 23, 2009, Plaintiffs obtained a default judgment against Defendant in this case brought under section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Among other things, the Court ordered Defendant to submit to an audit.

In September 2009, Plaintiffs obtained an order for Defendant's judgment debtor examination to be held on November 3, 2009. Defendant did not appear for the judgment debtor exam, so Plaintiffs filed this motion for civil contempt and application for writ of attachment to obtain Defendant's books and accounting records for an audit. Plaintiffs also seek an award of fees and a daily fine against Defendant. Defendant did not file an opposition, nor did it appear at the August 31, 2010 hearing on Plaintiffs' motion. At the hearing, the Court ordered Plaintiffs to file supplemental briefing and evidence regarding their entitlement to a writ of attachment and attorney's fees. Plaintiffs filed the supplemental materials on September 8, 2010. For the reasons stated at the hearing and in this Order, the Court recommends granting the motion for civil contempt, awarding

attorney's fees, granting the writ of attachment and imposing a fine.

**Legal standard**

Federal Rule of Civil Procedure 70, which is only operative after judgment is entered, states:

(a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done--at the disobedient party's expense--by another person appointed by the court. When done, the act has the same effect as if done by the party.

(b) Vesting Title. If the real or personal property is within the district, the court--instead of ordering a conveyance--may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance.

(c) Obtaining a Writ of Attachment or Sequestration. On application by a party entitled to performance of an act, the clerk must issue a writ of attachment or sequestration against the disobedient party's property to compel obedience.

(d) Obtaining a Writ of Execution or Assistance. On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.

(e) Holding in Contempt. The court may also hold the disobedient party in contempt.

Under the standard for a civil contempt hearing, the moving party has the burden of showing by clear and convincing evidence that the opposing party violated a specific and definite order of the Court. If the moving party makes this showing, the burden shifts to the party allegedly in contempt to show that it cannot comply. See U.S. v. Montgomery Global Advisors, 2005 U.S. Dist. LEXIS 18468, *6 (N.D. Cal. Aug. 1, 2005); U.S. v. Hempfling, 2008 U.S. Dist. LEXIS 64774, *9 (E.D. Cal. June 6, 2008). Contempt is inappropriate where a party has taken "all the reasonable steps" it can take to comply. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1479 (9th Cir. 1999) (citing Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466 (9th Cir.1989)); see also In re: Dual Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).

**Discussion**

**1.      Contempt finding**

All elements of contempt have been met in this case. Specifically, there was a judgment against Defendant entered on March 23, 2009 (Lozano Decl. Ex. A), and Plaintiff notified Defendant of the judgment. See Lozano Decl. ¶ 2. The judgment required Defendant to submit to an audit no

2

later than April 13, 2009. Lozano Decl. Ex. A. Defendant had knowledge of the Court's order for judgment debtor examination. Lozano Decl. ¶ 3; Ex. E (proof of service). Defendant did not appear for the judgment debtor examination on November 3, 2009. Lozano Decl. ¶ 5. Thus, there is clear and convincing evidence that Defendant violated a specific court order to appear for a judgment debtor examination.

The burden then shifts to Defendant to make a showing that it cannot comply with the order. There has been no opposition and therefore Defendant has not met this burden. There is no evidence that Defendant took all reasonable steps to comply. Thus, Plaintiff is entitled to a contempt finding.

**2.   Sanctions**

A court may award attorney's fees for the willful disobedience of a court order. See Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 258 (1975); Zambrano v. City of Tustin, 885 F.2d 1473, 1481-82 (9th Cir. 1989). Defendant's failure to appear at the judgment debtor examination was willful because Defendant had notice of the examination, yet did not appear. There is no evidence that it attempted to communicate with Plaintiffs or the Court about the failure to appear at the examination.

Plaintiffs seek attorney's fees from the date of default in the amount of $6,481.25. Lozano Decl. ¶ 7; Supp. Lozano Decl. ¶¶ 5-6 (clarifying the amount of attorney's fees sought in light of earlier award of fees in the default judgment order). The Court finds that the amount sought is reasonable. Thus, the Court recommends granting Plaintiffs' request for fees in the amount of $6,481.25 for Defendant's willful violation of a court order.

**3.   Writ of attachment**

Federal Rule of Civil Procedure 70 permits "a writ of attachment or sequestration against the disobedient party's property to compel obedience."  At the hearing, the Court noted that Plaintiffs had not made a sufficient showing to warrant issuance of a writ. Thereafter, Plaintiffs filed additional authority for the writ of attachment for the books and records. Specifically, Section 7 of the Master Agreement to which Defendant is bound provides that the Trust Fund may review all records relevant to the enforcement of the Agreement. See Hagan Decl. in Supp. of Mot. for Def. J. at Ex. C at § 7. Plaintiff argues that it cannot fulfill its fiduciary responsibilities if it cannot examine

3

the books and records.  Further, Plaintiff notes that the default judgment entered in this case on March 23, 2009 ordered Defendant to submit to an audit, and to allow the Trust Funds auditor to examine the books and records.  Further, the Order for Appearance of Judgment Debtor required Defendant to present the books and records.  With this supplemental showing, the Court recommends granting the writ of attachment.

**4.     Fine**

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401.  Plaintiffs seek a fine against Defendant of $500 per day until the requested books and records are produced.

"A contempt fine accordingly is considered civil and remedial if it either coerces the defendant into compliance with the court's order, or compensates the complainant for losses sustained. Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge. Thus, a flat, unconditional fine totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance." Int'l Union v. Bagwell, 512 U.S. 821, 829 (1994). "Where compensation is intended, a fine is imposed, payable to the complainant. Such fine must of course be based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." United States v. United Mine Workers, 330 U.S. 258, 304 (1947). "If the fine, or any portion of the fine, is coercive, it should be payable to the court. Moreover, in determining how large a coercive sanction should be the court should consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir.1986) (citations omitted). "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding

upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." Int'l Union v. Bagwell, 512 U.S. 821, 827 (1994).

Here, a fine of $100 per day is reasonable given the facts of this case. Thus, the Court recommends a $100 daily fine to be imposed until the requested books and records are produced.

**Conclusion**

The Court recommends finding that Defendant is in contempt of court for willfully disobeying the court order to appear for a judgment debtor examination. The Court also recommends sanctions in the amount of $6,481.25, consisting of the attorney's fees incurred in this matter since the entry of default judgment. The Court also recommends issuing a writ of attachment requiring the delivery of possession of documents described in the order granting default judgment. Finally, the Court recommends ordering Defendant to pay a fine of $100 per day until the requested books and records are produced.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: September 17, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge